UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PETER SZANTO,

    Appellant,

v.                                                                      CASE NO. 8:18-cv-846-T-02

ALYCE ANN JURGENS a/k/a
Alyce Ann Jurgens-Schenk a/k/a
Alyce Ann Schenk a/k/a
Alyce Ann Lowe,

    Appellee.
_____/

# **O R D E R**

This matter comes before the Court on the appeal of Peter Szanto, from an Order of the United States Bankruptcy Court dismissing his adversary proceeding, No. 8:17-ap-00427-RCT. (Dkt. 3-2, and Dkt. 10, at 35).[1] The appellant Szanto has filed a brief, *pro se*, and Appellee has filed no papers in opposition. The time for Appellee's response has elapsed.

The Bankruptcy Court's opinion appealed from is **AFFIRMED**. The Court finds that indeed there was a comprehensive settlement. (Dkt.10, at 17). This

---

[1] Docket 10 is the appendix attached to Appellant's brief, which is filed at docket 9.

settlement arose out of a mediation in a prior adversary proceeding involving the parties. The mediated settlement contract was signed by all parties and the mediator, and was court-approved by the parties' agreement. Appellant argues that failure to produce the genuine Rolex watch as required by the mediated settlement renders that settlement void as without consideration and thus enables this second adversary proceeding. The Bankruptcy Court viewed the prior, settled adversary proceeding, and this more recent one. It found the cases substantially similar. That finding is not erroneous.

Plaintiff (Appellant) has taken action in the bankruptcy to enforce the mediated settlement agreement that he now contends is a nullity. Indeed, paragraph 5 of this agreement contains a remedy, in effect a $6000 liquidated damages provision, if the terms are not fulfilled. Although the mediated settlement agreement does contain language concerning the contingency of the authentic watch being produced, the consented court approval to the settlement came some ten weeks after the mediated settlement. And the Court approved the unopposed settlement agreement over two weeks after the watch was to be mailed by Mr. Szanto as required in the express settlement terms. If the watch was not forthcoming as required, Appellant could have withdrawn his consent or alerted the Bankruptcy Judge not to adopt the settlement agreement. Instead, Appellant

has invoked the Bankruptcy Court to enforce the settlement agreement: Appellant stated that the $6000 penalty was entered against Appellee for failure to send the watch. (Dkt. 9, at 9).

The findings of the Bankruptcy Court below are not erroneous, and the ruling is **AFFIRMED**. The Clerk shall close this file.

**DONE AND ORDERED** at Tampa, Florida, on October 15, 2018.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record